**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SOLOMON BROADUS,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director,
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondent-Appellee.

No. 10-5009
(D.C. No. 4:09-CV-00482-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Solomon Broadus, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Exercising

---

[*]  This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.  After examining the briefs and the appellate record, this
three-judge panel determined unanimously that oral argument would not be of
material assistance in the determination of this matter.  *See* Fed. R. App. P. 34(a);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.

[1]  Mr. Broadus has filed a pro se motion for a certificate of
appealability and opening brief.  We construe these pro se pleadings liberally.

(continued...)

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Mr. Broadus failed to make a substantial showing of the denial of a constitutional right. Thus, we deny the application for a COA and dismiss the appeal.

## BACKGROUND

In May 1987, Mr. Broadus was convicted of possession of a controlled drug with intent to distribute, maintaining a dwelling where controlled drugs are kept, and unlawful delivery of a controlled drug under Oklahoma law, following his convictions of two or more felonies. He was sentenced to consecutive terms of imprisonment of 260 years, 154 years, and 240 years, respectively. On April 27, 1993, the Oklahoma Court of Criminal Appeals denied Mr. Broadus's direct appeal.

On June 25, 2009, Mr. Broadus filed an application for a writ of habeas corpus in federal district court.[2] Mr. Broadus alleged, *inter alia*, that he is actually innocent, that the state failed to disclose exculpatory evidence, that the state failed to produce witnesses, and that he received ineffective assistance of counsel.

On December 17, 2009, the district court dismissed the habeas application

---

[1](...continued)
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] In the sixteen years between the denial of his direct appeal and the filing of his federal habeas application, Mr. Broadus filed petitions for state post-conviction relief in 1997, 2002, and 2007. Each petition was denied.

on procedural grounds. In particular, the district court held that Mr. Broadus's claims were barred by the one-year limitations period established by 28 U.S.C. § 2244(d)(1)(A). The district court found that his state-court convictions became final on or about July 26, 1993, after the expiration of the ninety-day period for filing a petition for certiorari with the U.S. Supreme Court. Because the conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court noted that the one-year limitations period started to run on April 24, 1996. The limitations period was tolled from March 25, 1997, through July 7, 1997, while Mr. Broadus pursued post-conviction relief in state court. The limitations period expired on August 6, 1997, which was well before Mr. Broadus filed his subsequent petitions for state post-conviction relief in 2002 and 2007. The district court also held that Mr. Broadus failed to demonstrate that he was entitled to statutory or equitable tolling of the limitations period.

On February 3, 2010, Mr. Broadus filed a motion to reconsider, a notice of appeal, and a motion to file his appeal out of time. We abated the proceedings in this appeal until the district court ruled on the motion for leave to appeal out of time. On February 8, 2010, the district court entered an order denying reconsideration, granting leave to appeal out of time, and denying the request for a COA. We thereafter lifted the abatement of the appeal.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies the petitioner's claims on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

On appeal, Mr. Broadus requests a COA to challenge the district court's application of the limitations period—*viz.*, its invocation of an asserted procedural bar. Mr. Broadus contends that his federal habeas application was timely because (1) state officials impeded his filing of the application; and (2) he could not have discovered the factual predicate of his claims through the exercise of due diligence. In the alternative, Mr. Broadus claims that he qualifies for equitable tolling of the limitations period. Mr. Broadus further argues that the district court

-4-

erred when it denied his request for an evidentiary hearing. We disagree with Mr. Broadus's procedural arguments and conclude that reasonable jurists could not debate the correctness of the district court's statute-of-limitations ruling. Consequently, we have no occasion to consider Mr. Broadus's merits-based request for an evidentiary hearing.

## I.     Timely Application

AEDPA provides that the one-year limitations period "shall run from the latest of" four possible start dates. 28 U.S.C. § 2244(d)(1)(A)–(D). In pertinent part, these dates include (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *id.* § 2244(d)(1)(A); (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," *id.* § 2244(d)(1)(B); and (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D). As discussed *supra*, the district court applied § 2244(d)(1)(A) and calculated that the limitations period expired on August 6, 1997. Mr. Broadus argues that the district court instead should have calculated the limitations period for his habeas application using § 2244(d)(1)(B) or

(d)(1)(D).[3]

### A.    State-Created Impediments

Under § 2244(d)(1)(B), Mr. Broadus argues that the state prevented him from filing a federal habeas application.  He asserts that state officials (1) failed to provide him with relevant portions of the record from a co-defendant's plea hearing, in violation of the Uniform Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080–1089; (2) withheld, concealed, or failed to disclose exculpatory evidence, in violation of the Fifth and Sixth Amendments; (3) failed to produce witnesses, in violation of the Fifth and Sixth Amendments; and (4) deprived him of the effective assistance of counsel, in violation of the Sixth Amendment.

Mr. Broadus waived these arguments by not raising them before the district court.  "Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009).  "[W]e have consistently turned down the argument that the raising of a related theory was sufficient." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993).

The record contains no indication that Mr. Broadus raised these arguments

---

[3]    Mr. Broadus neglects to identify a specific date on which the state-created impediments were removed or on which he could have discovered the factual predicate of his claims.  *See* 28 U.S.C. § 2244(d)(1)(B), (D).  Presumably, Mr. Broadus would argue that this date is within the one year prior to his filing of the federal habeas application.

before the district court.  In the habeas application, Mr. Broadus identified a single reason why his claims are not procedurally barred by the limitations period—*viz.*, "I am advancing an actual innocen[c]e claim."[4]  R. at 22 (Pet. for Writ of Habeas Corpus, filed June 25, 2009).  In the habeas brief to the district court, Mr. Broadus alleged that certain state actions impeded his efforts to comply with procedural requirements and that he did not reasonably know of the factual basis for his claims.  Although these arguments are similar to those cognizable under § 2244(d)(1)(B), Mr. Broadus raised them under different legal theories and in service of different legal objectives, including to establish cause to avoid an alleged independent and adequate state-law procedural bar.  Even when the state respondent expressly raised the timeliness issue in its motion to dismiss Mr. Broadus's federal habeas application, Mr. Broadus neglected to provide any argument concerning state-created impediments.  Thus, because Mr. Broadus has raised new arguments on appeal and has failed to demonstrate the existence of an extraordinary circumstance, he has waived any argument for a postponement of

---

[4]  The standard habeas application form requires a petitioner to address the timeliness issue:  "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."  R. at 22.  Although this statement generally refers to § 2244(d), it specifically focuses on § 2244(d)(1)(A) by requiring an explanation from any petitioner who files a habeas application more than one year after the "judgment of conviction became final."  *Compare id. with* 28 U.S.C. § 2244(d)(1)(A).  Thus, if Mr. Broadus intended to rely on § 2244(d)(1)(B) or (d)(1)(D), he should have disclosed that strategy on the habeas application form.

the limitations period under § 2244(d)(1)(B).

### B.       Discovery of Factual Predicate

Under § 2244(d)(1)(D), Mr. Broadus contends that he filed his federal habeas application promptly after obtaining evidence to support the factual predicate of his claims. However, as with the alleged state-created impediments, because Mr. Broadus failed to raise them before the district court, he has waived any factual-predicate arguments under § 2244(d)(1)(D) and cannot pursue them on appeal.

## II.    Equitable Tolling

Mr. Broadus also argues that the district court erred in denying his request for equitable tolling of the limitations period. We review the district court's decision to deny equitable tolling for an abuse of discretion. *See Fleming v. Evans*, 481 F.3d 1249, 1254–55 (10th Cir. 2007). "[E]quitable tolling . . . may be granted, but only in rare and exceptional circumstances." *Coppage v. McKune*, 534 F.3d 1279, 1280 (10th Cir. 2008) (internal quotation marks omitted). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). "Equitable tolling would be appropriate, for example, when a [petitioner] is actually innocent . . . ." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

In this action, Mr. Broadus contends that he qualifies for equitable tolling because he is actually innocent.[5]  Even assuming that Mr. Broadus could demonstrate his actual innocence, he fails to show that he pursued his federal claims diligently.  *See id.*  Mr. Broadus waited to file his federal habeas application for more than sixteen years after the resolution of his direct appeal, more than twelve years after filing his first petition for state post-conviction relief, and almost twelve years after the expiration of the limitations period.  *See Adams v. Lemaster*, 223 F.3d 1177, 1184 (10th Cir. 2000) (holding that the petitioner's "nearly ten-year hiatus from pursuit of his federal petition . . . does not demonstrate the requisite diligence to justify equitable tolling").

Mr. Broadus attempts to justify this significant delay by stating that he "brought numerous challenges over [the] past 12 years."  Aplt. Br. at 12.  In particular, Mr. Broadus claims that he filed petitions for state post-conviction relief "immediately after" obtaining affidavits to support the allegedly exculpatory evidence.  *Id.*  This explanation does not excuse his failure to bring his federal claims.

The record shows that Mr. Broadus knew of this allegedly exculpatory evidence and deliberately waited to file his federal habeas application.  For

---

[5]      Mr. Broadus also claims that the alleged state-created impediments constitute an "extraordinary circumstance [that] stood in his way and prevented timely filing."  *Holland*, 130 S. Ct. at 2562 (internal quotation marks omitted).  But Mr. Broadus waived these arguments by not raising them before the district court.  *See Turner*, 563 F.3d at 1143; *Lyons*, 994 F.2d at 722.

example, Mr. Broadus knew about his co-defendant's allegedly exculpatory testimony at the time of the direct appeal in 1988 and even purported to quote from this testimony in his supplemental brief in that proceeding. He also claims that he heard about this allegedly exculpatory testimony from another prisoner in 1997. Although Mr. Broadus acknowledges that he received an affidavit regarding this exculpatory evidence in 2002, Mr. Broadus states that he deliberately waited to file his federal habeas application because he thought that one affidavit was not enough evidence. Furthermore, even though Mr. Broadus received other affidavits regarding this issue in 2007 and 2008, he waited more than one year, until June 25, 2009, to file his federal habeas application. Under these circumstances, reasonable jurists could not debate the correctness of the district court's conclusion that Mr. Broadus does not qualify for equitable tolling.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Broadus's application for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge